THOMAS W. WILLIAMS, Administrator, v. BOOZEMAN et al.

To entitle the defendant, in an action on a promissory note, to a trial by jury, the affidavit must comply strictly with the requirements of the statute.

It is no defence to an action on a promissory note, that the amount named in the note was made larger than the real cash amount due on account of expected payment in Confederate money or depreciated currency.

APPEAL from the District Court, Parish of Morehouse, *Crawford*, J. *J. C. Morgan*, for appellant. *Newton & Hall*, for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. The plaintiff claims of the defendants in solido $645, with eight per cent. interest from 26th of October, 1863, upon a note of hand, dated 26th October, 1863.

The defence is that the note was given in error, to be paid in Confederate States notes, for a four-horse wagon, sold at the sale of the succession property of P. F. Epps, and to be paid in twelve months, in the currency of the country, which was that of Confederate money. That, when the note became due, defendant offered to pay it in Confederate money, or by giving its value in cotton, which was refused. That, when said note was given, Confederate money was not worth more than ten cents to the dollar, in gold or Federal currency. That the wagon was worth (when new) one hundred dollars, and at the time of the sale was worth a great deal less. That said wagon was worth fifty dollars at the time of the sale.

He prays that plaintiff's demand be reduced, and that, said sum of fifty dollars be the judgment of the Court, and for a trial by jury.

The Court, after having heard the evidence, gave judgment for plaintiff, and the defendants appealed.

The defendant made an affidavit that the facts set forth in the answer were true, to the best of his knowledge and belief, and that he believed it essential that the case should be tried by a jury, in order to secure his rights.

The Court refused the trial by jury, and the defendants excepted.

We are of the opinion that the Court did not err. The affidavit is not as required by law. The party did not swear that *he expected to prove that the note had been obtained through error.* Revised Statutes, p. 98, Art. 43. The bill of exceptions also informs us that the jury was prayed for by the amended answer, after the jury had been discharged, and that the original answer was filed before their discharge.

The defendants offered, on trial, to prove that Confederate money was the general currency of the country at the time of making said note ; that it formed the basis or consideration of contracts, and that, compared with gold or Federal currency, Confederate money was greatly depreciated, and that, in consequence of its being the general currency, property of every description was sold at extravagant prices, etc.

Plaintiff objected, on the grounds :

1. That parties are presumed to contract with reference to the law, and not to the general currency of the country.

2. That it is an attempt to prove by parol a contract existing between the parties in writing, and in evidence in the case.

3. That proof of the general currency of the country was incompetent to establish in what kind of money the note was to be paid.

The Court sustained the objections and rejected the testimony. It is clear that the Court decided correctly. It is presumed that the parties contemplated that the note, when due, should be paid in legal currency.

The defendants, in their brief, have raised many objections to the probate sale of the wagon, on account of incompetency and incapacity on the part of the officers of the Court, and consequent illegalities in the proceedings, resulting from the fact that those officers acted and the proceedings took place during the existence of the so-called Confederate States Government.

We have passed these questions unnoticed, as they were not raised by the pleadings. We are satisfied that our learned brother below decided the case correctly.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.